THE CHICAGO MUNICIPAL GAS LIGHT AND FUEL COMPANY

v.

THE TOWN OF. LAKE.

*Municipal Corporations—Gas—Ordinance Granting Authority to Lay Pipes—Failure of Performance—Injunction.*

This court affirms a decree dismissing a bill filed by a gas company to enjoin a municipal corporation from interfering with the complainant in laying gas pipes in its streets, there being a failure of performance on the part of the complainant within the time limited in the ordinance granting it the right to lay such pipes.

[Opinion filed September 19, 1888.]

APPEAL from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding.

Mr. FRANCIS ADAMS, for appellant.

The ordinance and the acceptance of it and acting under it by appellant, constituted a binding contract between appellant and the town, which the town, without appellant's consent, was powerless to annul or set aside. Dillon on Mun. Corp., 3d Ed., Secs. 314, 450; City of New Orleans v. Wardens, etc., 11 La. Ann. 244; City of Chicago v. Sheldon, 9 Wall. 53; City of Quincy v. Bull et al., 106 Ill. 337; City of Burlington

v. Burlington Street Ry. Co., 49 Ia. 144; Railway Co. v. Village of Carthage, 36 O. St. 531; Springfield Ry. Co. v. Springfield, 35 Mo. 674.

The acceptance of such a grant, if made directly to the State, would constitute an irrevocable contract between the State and the grantee, and very slight circumstances are sufficient from which to infer acceptance.   Morawetz on Corporation, Secs. 23, 24.   The analogy between a grant from the State and one from a municipal corporation, acting within its charter limits, is obvious, and was evidently perceived and applied by the learned judge who wrote the opinion in City of Quincy v. Bull, 106 Ill. 337.

There is no reason why the law applicable to grants made by the State and accepted by the grantee should not also be applicable to similar grants made by a municipal corporation and accepted by the grantee.

If, as contended, the company, by accepting and acting under the ordinance prior to April 23, 1884, acquired vested and irrevocable rights, this, of course, is decisive of the case; but the evidence of appellant's acts after April 23, 1884, the date of the alleged repealing ordinance, is worthy of consideration, as showing appellant's good faith.

Appellant, not being willing, on account of the uncertainty occasioned by appellee's conduct in attempting to repeal the granting ordinance, and its subsequent hostile attitude, to expend money in the purchase of land on which to erect and construct gas works, procured from the Chicago, Rock Island & Pacific Railway Company, October 23, 1884, a lease of that company's gas works, with the privilege of constructing entirely new works on the premises adapted to the Springer process of manufacturing gas.

Courts of equity will decree specific performance of contracts in respect to personal property, " where the measure of damages resulting from the non-performance of the agreement is uncertain or difficult to ascertain, or where the thing contracted for has to the complainant some intrinsic or special value, or the like." Cohn v. Mitchell et al. 115 Ill. 124, 131.

This is not a case for the specific performance of a contract

strictly so called. It is not prayed that the appellee be decreed to do anything which it has, in terms, agreed to do, but merely that it shall not unlawfully interfere with appellant in the exercise of the privileges which appellant undoubtedly possesses, or disturb appellant in the enjoyment of its vestꞓ rights.

Messrs. DEXTER, HERRICK & ALLEN, for appellee.

It is well settled that the provisions of the act for the incorporation of cities and villages only apply to such municipalities as are incorporated under it. Guild v. Chicago, 82 Ill. 472, 476; Binkert v. Jansen, 94 Ill. 283; Town of Sparland v. Barnes, 98 Ill. 595; Champaign v. Harman, 98 Ill. 491; C. P. Co. v. Chicago, 88 Ill. 221.

As the grant in the section relied on has reference only to cities and villages incorporated under the act, so does the proviso. It is familiar law that a proviso is to be limited in its effect to the enacting clause. In re Webb, 24 How. Pr. 247; Detroit v. Detroit, etc., Co., 12 Mich. 333; Pearce v. Bank, 33 Ala. 693; Sedg. Const. L. (2d Ed.) p. 49, and notes; Wilberforce on Sts., p. 303.

The claim of the complainant is, that from the time the alleged contract went into effect, it had a right by contract to enter upon and occupy with its pipes any of the streets of the town, and that it was then entitled, and is therefore now entitled to a specific enforcement of the contract. But what corresponding obligation did the complainant assume?

It is true its right was conditional on its furnishing gas to the inhabitants of the town within one year. But there was no undertaking on its part to do so. If it chose not to fulfil the condition the grant would fail. There was a mere option in its favor, and the essential element of mutuality was, therefore, lacking.

But, if it is conceded that there was mutuality of obligation, clearly there was no mutuality of remedy. The undertaking of the complainant, if any, was to erect works and to furnish gas to the inhabitants of the town within one year.

It is well settled that this was not such an undertaking on

the part of the Municipal Gas Company as a court of equity could specifically enforce. It involved the purchase of land, the erection of works, the laying of pipes and other improvements, and a continuous service. Equity can not specifically enforce such an undertaking.

As the alleged contract could not be specifically enforced by the town against the complainant, it can not be specifically enforced by the complainant against the town. Marble Co. v. Ripley, 10 Wall. 339; Blackett v. Bates, L. R. 1 Ch. App. 117; Johnson v. Ry. Co., 3 D., M. & G. 914; Peto v. R. R. Co., 1 Hem. & Miller, 468; Ross v. R. R. Co., Woolworth, 26; Johnson v. Ry. Co., 22 Grant (U. C.), 290; Fallon v. R. R., 1 Dill. 121; Ranger v. R. R., 1 Eng. Ry. & C. Cas. 50; Kansas Co. v. Topeka Co., 135 Mass. 34; Buck v. Smith, 29 Mich. 166; Cooper v. Pena, 21 Cal. 403; Mastin v. Halley, 61 Mo. 196.

*Per Curiam.* This is an appeal from a decree dismissing appellant's bill, which sought to enjoin appellee from interfering with appellant in laying gas pipes in the streets of said town, under an ordinance passed March 25, 1884, by appellee's board of trustees.

Section 3 of the ordinance required appellant to " commence furnishing gas to the town of Lake within one year from the date of the passage of this ordinance, and the price of gas to consumers shall not exceed two dollars and fifty cents per thousand cubic feet." etc.

The Chicago, Rock Island and Pacific Railroad Company had gas works erected on its own property in the town, which, in October, 1884, were leased to Theodore G. Springer, for two years, the lease binding Springer to put into the works what was known as the Springer process for manufacturing gas, and the railroad company reserving the right to purchase from Springer, at cost, all his improvements and apparatus at the expiration of the term. There was an understanding between Springer and Morse, the president of the gas company, that the lease was for the company; the gas works were taken possession of by the company and improved by it, and the lease was assigned to it by Springer, February 18, 1885.

The lease gave Springer the right to lay gas pipes on the ground of the railroad company, but made no provisions for extending them further.

Neither lessor nor lessee had any right to lay pipes in the streets of the town. Before March 25, 1885, the works were prepared to manufacture gas, the railroad and its employes residing on its property being supplied with the article from the new gas works. But notice was not given to the town authorities of appellant's readiness to commence furnishing gas, nor was there any public announcement thereof made.

The record fails to show that the railroad company was advised of the interest of the gas company in the works. There was no sign on or about the works indicating the proprietorship of appellant, and, in fact, its interest seems to have been known to only two of its officers, while it remained a profound secret to every other person. No attempt was made to extend pipes from the works into the streets of the town until May 9, 1885. At that time the police of the town interfered and forcibly prevented appellant's employes from laying any pipe, the town authorities denying the right of appellant, then or at any time thereafter, to any of the privileges provided for in the ordinance. We think it plain, from this statement of facts, that appellant never performed its part of the contract, the spirit of which required something more of appellant than the building of gas apparatus under cover, and withholding all knowledge thereof from those who were to receive its advantages, until the year specified in the ordinance had elapsed. Secrecy for upward of a year could no more be justified than for five years. Consumers could not use the gas unless informed of appellant's readiness to supply the same. Appellant is not excused by the fact that it was enjoined from laying pipe, nor by the passage by the board of trustees of an ordinance April 23, 1884, for the repeal of the ordinance of March 25th. The injunction was dissolved April 25, 1884, after which time more than a year elapsed before any steps were taken for extending pipes from the works into the street. The repealing ordinance was of no force, if appellant had, as it claims, accepted the ordinance of March 25th. There was

nothing to prevent appellant proceeding with its duties under the latter ordinance after the dissolution of the injunction. No force was used until the failure of appellant to comply with the ordinance for more than a year after the dissolution of the injunction. The repealing ordinance was nothing more than the wrongful assertion of appellee's right to rescind the contract.

The decree of the Circuit Court is affirmed.

*Decree affirmed.*